**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| TERRY BELL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | CIVIL ACTION |
| v. | ) | |
| | ) | No. 03-2148-KHV |
| BOARD OF COUNTY COMMISSIONERS | ) | |
| OF JEFFERSON COUNTY, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Terry Bell's Second Motion For An Award Of

Statutory Attorney Fees And Expenses (Doc. #167) filed November 9, 2004.  For reasons set forth

below, the Court finds that plaintiff's motion should be sustained in part.

**Procedural Background**

Plaintiff brought suit under 42 U.S.C. § 1983 against the Board of Commissioners of Jefferson

County, Kansas.  Plaintiff claimed that (1) the County violated his constitutional rights when it

terminated his employment in retaliation for his exercise of free speech rights under the First

Amendment; and (2) without procedural due process, in violation of the Fourteenth Amendment,

defendant deprived him of (a) a property interest in continued employment and (b) a liberty interest in

his good name and reputation.  On plaintiff's First Amendment retaliation claim, the jury returned a

defense verdict.  On plaintiff's claim that defendant denied him continued employment without due

process of law, the jury found that defendant had violated plaintiff's rights but awarded him no damages.

On plaintiff's claim that defendant denied him a liberty interest in his good name and reputation without

due process of law, the jury found for plaintiff and awarded $90,000 in damages.  Defendant filed a

motion to alter or amend the judgment, asserting that it was entitled to judgment on the latter claim

because plaintiff had not presented evidence that defendant published or disseminated a false

stigmatizing statement regarding plaintiff.  The Court agreed, and granted judgment as a matter of law

in favor of defendant on that claim.

Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, plaintiff seeks

attorneys' fees of $125,073.90 and expenses of $7,260.31.  Plaintiff contends that he is a "prevailing

party" under Section 1988 and that he is therefore entitled to reasonable attorneys' fees.  Defendant

argues that plaintiff is not a prevailing party and alternatively argues that even if plaintiff is a prevailing

party, he is entitled to minimal fees or even no fees.

## Analysis

### I.    Attorneys' Fees

To obtain attorneys' fees under § 1988, a plaintiff in a Section 1983 case must be a "prevailing

party."  Further, any award of attorneys' fees must be "reasonable."[1]  See Henley v. Eckerhart, 461 U.S.

424, 433 (1983).  In Farrar v. Hobby, 506 U.S. 103, 112 (1992), the Supreme Court found that a party

who wins only nominal damages in an action under 42 U.S.C. § 1983 is a "prevailing party" under

Section 1988. 506 U.S. 112. The Court stated that a person is considered a prevailing party if he received

"some relief on the merits of his claim."  Id. at 103.  The Court stated that plaintiff must obtain an

---

[1]      The Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988 provides in relevant
part:

In any action or proceeding to enforce a provision of sections 1981, 1982, 1983, 1985,
and 1986 of this title . . . the court, in its discretion, may allow the prevailing party,
other than the United States, a reasonable attorney's fee as part of the costs.

enforceable judgment against the defendant, or comparable relief through a consent decree or settlement. Id. Otherwise, the judgment or settlement cannot be said to affect the behavior of the defendant toward the plaintiff. Id. Farrar then held that plaintiffs were not entitled to fees because the only reasonable fee in the circumstances was no fee. Id. at 114 (litigation accomplished little beyond giving petitioners "moral satisfaction of knowing that a federal court concluded that their rights had been violated").

In this case, plaintiff maintains that he is a "prevailing party" because the jury found that defendant deprived him of a property interest in continued employment without due process of law. Defendant notes that the jury did not award plaintiff even nominal damages, and argues that plaintiff therefore is not a prevailing party.  Plaintiff counters that because the jury awarded plaintiff $90,000 on his due process/liberty claim – an award which the Court later vacated – the jury could not award nominal damages under the Court's instructions.[2] Plaintiff also cites Tenth Circuit law that even where a jury awards no damages in a mixed motive case, plaintiff may be a prevailing party. See Gudenkauf v. Stauffer Comm's, Inc, 158 F.3d 1074, 1077 (10th Cir. 1998) (affirming fee award in reliance on 42 U.S.C. § 2000e-5(g)(2)(B), which specifically authorizes attorneys' fees in Title VII mixed-motive case even though plaintiff not entitled to damages). This is not a mixed-motive Title VII case, however, and the special fee provision in § 2000e-5(g)(2)(B) does not apply. Plaintiff's request for fees is controlled by 42 U.S.C. § 1988, which provides that in its discretion, the court may allow the prevailing party a

---

[2]      Instruction No. 15 stated as follows:

        If you find that plaintiff is entitled to a verdict but do not find that he
        sustained substantial actual damages, then you may return a verdict
        for plaintiff in some nominal sum, such as one dollar in the way of
        actual damages.

Final Jury Instructions, Doc. # 133, filed April 26, 2004.

reasonable attorneys' fee.

Defendant counters with Farrar's clear statement that to qualify as a prevailing party, plaintiff "must obtain an enforceable judgment against the defendant . . . or comparable relief through a consent degree or settlement." Farrar, 506 U.S. at 111. Where a jury found that defendant had sexually harassed plaintiff but awarded her no damages, this Court has ruled that plaintiff was not a prevailing party under Title VII. See Lintz v. Am. Gen. Fin., 76 F. Supp. 2d 1200, 1210 (1999); see also Caruthers v. Proctor & Gamble Mfg. Co., 177 F.R.D. 667 (D. Kan. 1998) (jury found ADA violation but awarded no damages; plaintiff not prevailing party because he had done nothing more than affirm existing laws prohibiting retaliation), aff'd, 161 F.3d 1 (10th Cir. 1998). In this case, however, the jury awarded $90,000 damages on plaintiff's due process/liberty claim, which the Court later vacated. Instruction No. 15 deprived the jury of the opportunity to award nominal damages on its verdict that defendant had deprived plaintiff of a property interest in continued employment without due process of law.

Justice O'Connor's special concurrence in Farrar set forth factors which support fee awards in cases where a jury awards only nominal damages. The factors include the significance of the legal issue or the public purpose served. Here, plaintiff vindicated his civil rights and put Jefferson County on notice that it should reform the manner in which it conducts due process hearings and that it is proceeding at its peril if it declines to do so. See Brandau v. State of Kan., 168 F.3d 1179, 1183 (10th Cir. 1999) (citing Koopman v. Water Dist. No. 1, 41 F.3d 1417 (10th Cir. 1994)). The Court therefore finds that plaintiff is a "prevailing party."

The Court therefore addresses the question of what a reasonable fee would be in this case. Determining the amount of an attorneys' fee award is committed to the district court's discretion. Carter v. Sedgwick County, 36 F.3d 952, 956 (10th Cir. 1994). The presumptively reasonable attorneys' fee is

4

the product of reasonable hours times a reasonable rate.  Id.  This calculation yields a "lodestar" figure

which is subject to adjustment.  Blum v. Stenson, 465 U.S. 886, 888 (1984).

        A.       Reasonable Hours

        Plaintiff has submitted detailed and contemporaneous time records which indicate that

plaintiff's attorneys and their staff expended the following hours on this litigation:

| Timekeeper | Hours |
|---|---|
| Alan V. Johnson | 635.8 |
| Stephen D. Lanterman | 318.5 |
| Martha A. Peterson | 12.0 |
| Paralegal | 35.3 |
| Law Clerk | 106.9 |

Defendant does not object to the number of hours expended, but asserts that the lodestar should be

drastically reduced because of plaintiff's limited success.  See Hensley v. Eckerhart, 461 U.S. 424, 436-

37.  The Court therefore finds that plaintiff reasonably expended the hours reported and will consider

whether to adjust the lodestar.  See id. at 440 (where lawsuit consists of related claims, failure on some

claims does not preclude full recovery of attorney fees if plaintiff achieves success on related claims).

        B.       Reasonable Hourly Rates

        In setting the hourly rate, "the court should establish, from the information provided to

it and from its own analysis of the level of performance and skills of each lawyer whose work is to be

compensated, a billing rate for each lawyer based upon the norm for comparable private firm lawyers

in the area in which the court sits calculated as of the time the court awards fees."  Ramos v. Lamm, 713

F.2d 546, 555 (10th Cir. 1983).  A reasonable hourly rate comports with rates "prevailing in the

community for similar services for lawyers of reasonably competent skill, experience, and reputation." Blum, 465 U.S. at 896 n.11.

Plaintiff proposes an hourly fee of $185.00 per hour for lead counsel Alan V. Johnson, a civil rights trial attorney with more than 24 years of experience.  Plaintiff presents evidence that this rate is comparable to market rates in the Kansas City metropolitan area for lawyers with similar experience in civil rights litigation.  See Betroth v. Farm Bureau Mut. Ins. Co., No. Civ. A. 01-2095-CM, 2003 WL 22102135 (D. Kan. Aug 5, 2003).  In August, 2001, this Court stated that "prevailing market rate for lead counsel in employment litigation or analogous litigation ranges from $120 per hour to $190 per hour, depending on counsel's experience in the field."  Albert v. Wesley Health Servs., No. 00-2067-KHV, 2001 WL 1000951, at *2 (D. Kan. 2001).  Defendant presents evidence that the customary rate for such work is $140.00 to $180.00 per hour.  Based on Mr. Johnson's skill, experience and solid performance, the Court finds that $180.00 is a reasonable hourly rate for the time which he reasonably expended as lead counsel.    Plaintiff proposes an hourly fee of $160.00 for Stephen D. Lanterman, who has six years of  experience in litigation, and Martha Peterson, who has practiced law for almost 18 years.  In 1999, this Court found that the local market rate was $120.00 for attorneys with skill and experience comparable to that of Mr. Lanterman.  See Hampton v. Dillard's Dep't Store, No. 97-2182-KHV, 1998 WL 724045, at *2 (D. Kan. Sept. 24, 1998); see also Cadena v. Pacesetter Corp., No. 97-2659-KHV, 1999 WL 450891, at *6 (D. Kan. April 27, 1999) ($120.00 per hour reasonable for attorney with six years of litigation experience).  Given the increase in fees over the intervening years, the Court finds that a reasonable rate for Mr. Lanterman is $140.00.  The local market rate for attorneys with experience comparable to Ms. Peterson is $140.00.

Plaintiff proposes an hourly rate of $65.00 for paralegal work and $55.00 for law clerk work.

Defendant does not oppose these rates, and the Court finds that they are reasonable.  See Berroth, at

*5 ($65.00 per hour reasonable rate for paralegal in Kansas City community).

        C.      Lodestar Calculation

The Court concludes that a lodestar figure is properly calculated as follows:

| Timekeeper | Hours | Rate | Fees |
|---|---|---|---|
| Alan V. Johnson | 635.8 | $180.00 | $114,444.00 |
| Stephen D. Lanterman | 318.5 | $140.00 | $ 44,590.00 |
| Martha A. Peterson | 12.0 | $140.00 | $ 1,680.00 |
| Paralegal | 35.3 | $ 65.00 | $ 2294.50 |
| Law Clerk | 106.9 | $ 55.00 | $ 5879.50 |
| **Total** | | | $168,888.00 |

Once a court has determined the lodestar amount, "[t]here remain other considerations that may

lead the district court to adjust the fee upward or downward."  Hensley, 461 U.S. at 434.  Where, as here,

plaintiff has achieved only partial or limited success, the Court may reduce the fee request.  Id. at 435-36.

Plaintiff acknowledges that a downward adjustment is appropriate here, and suggests that the Court

reduce the lodestar by 30 per cent.  Plaintiff relies on three Tenth Circuit cases in which juries awarded

only nominal damages but the Tenth Circuit allowed substantial attorneys' fees.  See Koopman, 41 F.3d

at 1419 (10th Cir. 1994) (remanding for award of fees; distinguishing Farrar because plaintiff's litigation

not protracted, claims for damages not extravagant and suit vindicated important rights); Phelps v.

Hamilton, 120 F.3d 1126, 1131 (10th Cir. 1997) (where plaintiffs successfully challenged constitutionality

of Kansas Funeral Picketing Act, Tenth Circuit reversed district court determination that degree of

success did not justify fee award); Brandau, 168 F.3d at 1183 (upholding fee award equal to 90 per cent

7

of lodestar where plaintiff sought and received only $1.00 in damages but vindicated rights secured by

Title VII just as Congress intended).

The cited cases reflect <u>Farrar's</u> teaching that "the most critical factor in determining the

reasonableness of a fee award is the degree of success obtained." Defendant suggests that the Court

should drastically reduce the lodestar because plaintiff achieved very limited success. <u>See Case v.</u>

<u>Unified Sch. Dist. No. 233</u>, 157 F.3d 1243, 1253 (10th Cir. 1998) (citing cases in which "large general

reduction in requested fees is warranted"). The Court agrees. Plaintiff did not seek injunctive or

declaratory relief but only sought monetary damages of $1.4 million. Plaintiff recovered no damages,

and the degree of success is therefore quite low. Plaintiff's victory did not clarify the source of

constitutional rights in "previously unchartered waters." <u>See</u> <u>Carruthers</u>, 177 F.R.D. at 670. This

litigation began in March, 2003, involved six days of jury trial, and apparently is not over yet.[3] Plaintiff's

damages claims were extravagant and over-reaching – especially in light of compelling evidence about

plaintiff's poor performance as assistant EMS director. Based on plaintiff's very limited success, the

Court finds that the lodestar amount of $168,888.00 is unreasonable and that a reduction of 90 per cent

is appropriate. The Court awards plaintiff $16,888.80 in fees.

## II.    **Expenses**

Plaintiff seeks $7,260.31 in expenses which he incurred in this law suit. In addition to attorneys'

fees, the prevailing party is entitled to recover reasonable expenses that are usually itemized and billed

separately. <u>See Lintz v. Am. Gen. Fin., Inc.</u>, 87 F. Supp. 2d 1161, 1174 (D. Kan. 2000). Defendant does

---

[3]     Before this Court ruled on the post-trial motions, plaintiff filed a nearly identical case in state court which has been removed to this Court. <u>See Bell v. Board of County Commissioners Of Jefferson County, Kansas and Don Haynes</u>, Case No. 04-4113-KHV.

not object to plaintiff's submitted expenses, and the Court finds that plaintiff reasonably incurred expenses of $7,260.31.

**IT IS THEREFORE ORDERED** that plaintiff Terry Bell's Second Motion For An Award Of Statutory Attorney Fees And Expenses (Doc. #167) filed November 9, 2004 be and hereby is **SUSTAINED in part**.   **The Court awards plaintiff $16,888.80 attorneys' fees and $7,260.31 expenses, for a total of $24,149.11.**

Dated this 15th day of February, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil_____
Kathryn H. Vratil
United States District Judge