## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY BELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 03-2148-KHV** |
| **BOARD OF COUNTY COMMISSIONERS** ) | |
| **OF JEFFERSON COUNTY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

### MEMORANDUM AND ORDER

This matter comes before the Court on plaintiff Terry Bell's <u>Motion To Reconsider And Alter Order [Of February 15, 2005 Awarding Statutory Attorney Fees And Expenses]</u> (Doc. #180) filed February 25, 2005. For reasons set forth below, the Court finds that plaintiff's motion should be overruled.

### Procedural Background

Plaintiff brought suit under 42 U.S.C. § 1983 against the Board of Commissioners of Jefferson County, Kansas. Plaintiff claimed that (1) the County violated his constitutional rights when it terminated his employment in retaliation for his exercise of free speech rights under the First Amendment; and (2) without procedural due process, in violation of the Fourteenth Amendment, defendant deprived him of (a) a property interest in continued employment and (b) a liberty interest in his good name and reputation. On plaintiff's First Amendment retaliation claim, the jury returned a defense verdict. On plaintiff's claim that defendant denied him continued employment without due process of law, the jury found that defendant had violated plaintiff's rights but awarded him no damages. On plaintiff's claim that defendant denied him a liberty interest in his good name and reputation without

due process of law, the jury found for plaintiff and awarded $90,000 in damages. Defendant filed a motion to alter or amend the judgment, asserting that it was entitled to judgment on the latter claim because plaintiff had not presented evidence that defendant published or disseminated a false stigmatizing statement regarding plaintiff. The Court agreed, and granted judgment as a matter of law in favor of defendant on that claim.

Pursuant to the Civil Rights Attorney's Fees Award Act, 42 U.S.C. § 1988, plaintiff sought attorney's fees of $125,073.90 and expenses of $7,260.31. The Court calculated a lodestar figure of $168,888.00. The Court noted that although plaintiff sought monetary damages of $1.4 million, he recovered no damages. Based on plaintiff's very limited success, the Court found that the lodestar amount of $168,888.00 was unreasonable and that a reduction of 90 per cent was appropriate. The Court awarded plaintiff $16,888.80 in fees and $7,260.31 in expenses.

Plaintiff asks the Court to reconsider its attorney's fees award based on two events which occurred after briefing on his motion for attorney's fees and expenses. First, plaintiff appealed to the Tenth Circuit this Court's order vacating the judgment in favor of plaintiff. Second, the parties settled this case through the Tenth Circuit Mediation Office. Under the settlement agreement, plaintiff agreed to dismiss his appeal in this case and to dismiss a second case which substantially arose out of facts litigated in this case. In exchange, defendants paid plaintiff a monetary settlement and agreed to let plaintiff further litigate the award of attorney's fees and expenses.

The Federal Rules of Civil Procedure do not recognize a "motion to reconsider." Instead, the rules allow a litigant subject to an adverse judgment to file either a motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e) or a motion seeking relief from the judgment pursuant to Fed. R. Civ. P. 60(b). If a motion is served within ten days of the rendition of judgment, the motion ordinarily will

fall under Rule 59(e). Plaintiff filed his motion within 10 days of the judgment. Thus, the Court construes it as a motion to alter or amend the judgment under Rule 59(e). Only limited grounds support a Rule 59(e) motion. See Adams v. Reliance Standard Life Ins. Co., 225 F.3d 1179, 1186 n. 5 (10th Cir. 2000) (Rule 59(e) motions "should be granted only to correct manifest errors of law or to present newly discovered evidence"); Brumark Corp. v. Samson Res. Corp., 57 F.3d 941, 948 (10th Cir. 1995) (reconsideration requires "an intervening change in the controlling law, the availability of new evidence, or the need to correct clear error or prevent manifest injustice"). These factors are not present here.

Evidence that plaintiff filed an appeal of the Court's earlier ruling and that the parties entered a settlement agreement is not "newly discovered," it is evidence that came into existence after the parties briefed the motion for attorney's fees. See Am. Motorists Ins. Co. v. Gen. Host Corp., 120 F.R.D. 129, 132 (D. Kan. 1988) (newly discovered evidence must have existed at time of trial, but not have been known to the movant). Plaintiff has not cited any newly discovered evidence, nor has he demonstrated an intervening change in the law or a need to correct manifest injustice. The Court therefore finds that his motion to reconsider should be overruled.

**IT IS THEREFORE ORDERED** that plaintiff Terry Bell's Motion To Reconsider And Alter Order [Of February 15, 2005 Awarding Statutory Attorney Fees And Expenses] (Doc. #180) filed February 25, be and hereby is **OVERRULED.**

Dated this 10th day of May, 2005, at Kansas City, Kansas.

s/ Kathryn H. Vratil_____
Kathryn H. Vratil
United States District Judge