#### IN THE UNITED STATES DISTRICT COURT
#### FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **TERRY BELL,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | **CIVIL ACTION** |
| v. ) | |
| ) | **No. 03-2148-KHV** |
| **BOARD OF COUNTY COMMISSIONERS** ) | |
| **OF JEFFERSON COUNTY,** ) | |
| ) | |
| **Defendant.** ) | |
| _____) | |

#### MEMORANDUM AND ORDER

This matter comes before the Court on <u>Plaintiff's Objections To Defendant's Bill Of Costs</u> (Doc. #200) filed August 7, 2006. For reasons set forth below the Court finds that plaintiff's objections should be overruled.

#### Facts

On March 19, 2003, plaintiff brought suit under 42 U.S.C. § 1983 against the Board of Commissioners of Jefferson County, Kansas ("the County"). Plaintiff claimed that (1) the County violated his constitutional rights when it terminated his employment in retaliation for his exercise of free speech rights under the First Amendment; and (2) without procedural due process, in violation of the Fourteenth Amendment, defendant deprived him of (a) a property interest in continued employment and (b) a liberty interest in his good name and reputation. On April 26, 2004, the jury rejected plaintiff's First Amendment retaliation claim. On plaintiff's claim that defendant denied him continued employment without due process of law, the jury found that defendant had violated plaintiff's rights but awarded him no damages. On plaintiff's claim that defendant denied him a liberty interest in his good name and reputation without due process of law, the jury found for plaintiff and awarded $90,000 in

damages. Defendant filed a motion to alter or amend the judgment, asserting that it was entitled to judgment on the latter claim because plaintiff had not presented evidence that defendant published or disseminated a false stigmatizing statement regarding plaintiff. The Court agreed, and granted judgment as a matter of law in favor of defendant on that claim.

Pursuant to 42 U.S.C. § 1988, plaintiff sought attorney's fees of $125,073.90 and expenses of $7,260.31. Plaintiff contended that he was a "prevailing party" under Section 1988 and that he was therefore entitled to reasonable attorney's fees. Defendant argued that plaintiff was not a prevailing party and alternatively that even if plaintiff was a prevailing party, he was entitled to minimal fees or even no fees.

The Court determined that plaintiff was a prevailing party but reduced the lodestar by 90 per cent because plaintiff achieved very limited success. The Court awarded plaintiff $16,888.80 in fees. Plaintiff then filed a motion to reconsider the fee award because he had secured a money settlement from defendant in exchange for his agreement to withdraw his appeal of the Court's order vacating the $90,000 judgment. The Court overruled the motion to reconsider the fee award. On appeal, the Tenth Circuit upheld the Court's fee award, stating as follows:[1]

> Consistent with the Supreme Court's admonition that the degree of success is the most critical consideration in determining the reasonableness of a fee, the district court rightly emphasized the minimal success of the suit. Two of the claims failed outright, and the third did not secure any compensatory or equitable relief. The gross discrepancy between Bell's "extravagant and overreaching" request for $1.4 million and the jury's minimal award is particularly telling. The court's assessment of the other factors, previously discussed in response to particularized objections raised by Bell, lend additional support for its determination.

---

[1] Although the Tenth Circuit upheld the Court's fee award, it found that the Court erred in ruling that it could not consider the settlement agreement in deciding the motion to reconsider. In fact, although its order was apparently unclear, the Court did consider the settlement agreement. It merely concluded that the settlement agreement did not justify any alteration of the fee award.

Bell v. Bd. of County Comm'rs of Jefferson County, 451 F.3d 1097, 1104 (10th Cir. 2006) (internal citations omitted).

On July 31, 2006, defendant filed a bill of costs in the amount of $7,382.40. Plaintiff objects to defendant's bill of costs, arguing that defendant is not a prevailing party under Rule 54(d)(1), Fed. R. Civ. P.

## **Legal Standards**

Rule 54(d)(1), Fed. R. Civ. P. provides in relevant part that costs other than attorney's fees shall be awarded as of course to the prevailing party unless the court otherwise directs. The allowance or disallowance of costs to a prevailing party is within the sound discretion of the district court. Zeran v. Diamond Broadcasting, Inc., 203 F.3d 714, 722 (10th Cir. 2000) (citing Homestake Mining Co. v. Mid-Continent Exploration Co., 282 F.2d 787, 804 (10th Cir. 1960)).

## **Analysis**

Plaintiff contends that defendant is not entitled to recover costs under Rule 54(d) because the Court found that plaintiff was a prevailing party for purposes of attorney's fees. Defendant argues that it prevailed on two of the three claims submitted to the jury, and that it is therefore a prevailing party entitled to costs.

Typically, "the litigant in whose favor judgment is rendered is the prevailing party for purposes of Rule 54(d)[1]." Barber v. T.D. Williamson, Inc., 254 F.3d 1223, 1234 (10th Cir. 2001) (quoting Wright & Miller, Federal Practice & Procedure, § 2667). Rule 54 limits a district court's discretion to award costs in two ways: (1) it creates a presumption that the district court will award costs to the prevailing party and (2) it requires the district court to provide a valid reason for not awarding costs to a prevailing party. AeroTech, Inc. v. Estes, 110 F.3d 1523, 1526 (10th Cir. 1997).

Case law and Rule 54(d) suggest that only one party may be classified as the prevailing party. Aerotech Res., Inc. v. Dodson Aviation, Inc., 237 F.R.D. 659, 661-62 (D. Kan. 2005). Rule 54(d) states that costs shall be awarded "to *the* prevailing party unless the court otherwise directs." (emphasis added). Moreover, in a case where both parties "prevailed" on at least one claim, the Tenth Circuit held that both the plaintiff and the defendant were not "literally 'the prevailing party' for purposes of Rule 54(d)(1)." Barber, 254 F.3d at 1234, 1235 n.7 (plaintiff who received nominal damages for one of three claims was "*the* prevailing party").

Although only one party may be classified as the prevailing party, the Tenth Circuit has identified several alternatives in which district courts may apportion costs when neither party fully prevails on all claims, as follows:

> [I]n cases in which the prevailing party has been only partially successful, some courts have chosen to apportion costs among the parties or to reduce the size of the prevailing party's award to reflect the partial success. Or, in cases in which neither side entirely prevailed, or when both sides prevailed, or when the litigation was thought to be the result of fault on the part of both parties, some courts have denied costs to both sides. [W]here the court exercises its discretion[,] the identification of the prevailing party may [in the end] become so unimportant as to be almost immaterial.

Id. at 1234-35 (internal quotations and citations omitted). Furthermore, the Tenth Circuit has stated that a denial of costs does not constitute an abuse of discretion when the prevailing party is only partially successful. AeroTech, Inc., 110 F.3d at 1526.

The Court finds that plaintiff is the prevailing party even though his success was minimal. See Barber, 254 F.3d at 1234. This determination is not controlling, however, because the Court has discretion to apportion costs among the parties, reduce an award to reflect partial success or deny costs to both parties. See id. Here, although plaintiff is the nominal prevailing party, both plaintiff and defendant partially prevailed. Plaintiff prevailed on the procedural due process claim as to continued

4

employment, while defendant prevailed on the First Amendment claim.  Further, defendant agreed to a money settlement in exchange for plaintiff withdrawing his appeal of the Court's order vacating the $90,000 judgment on the due process liberty interest claim.  In ruling on statutory attorney's fees, the Court reduced the lodestar to ten per cent, essentially finding that plaintiff only minimally prevailed.  The Court, however, awarded plaintiff his full requested expenses of $7,260.31.  The Court finds that awarding defendant 90 per cent of its costs will fairly compensate each party's partial success.  The Court therefore finds that defendant is entitled to costs of $6,644.16.  The net result of this order is that plaintiff and defendant essentially bear their own costs.  This result is equitable, given that each side prevailed in part.

**IT IS THEREFORE ORDERED** that Plaintiff's Objections To Defendant's Bill Of Costs (Doc. #200) filed August 7, 2006 be and hereby are **OVERRULED**.  Defendant is entitled to costs of $6,644.16.

Dated this 10th day of May, 2007 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge